JOSEPH P. CROUNSE, APPELLANT, V. BOOTH FISHERIES COM-
PANY, APPELLEE.

FILED OCTOBER 20, 1923. No. 22416.

Master and Servant: ACTION FOR ASSAULT: PETITION: SUFFICIENCY.
Plaintiff pleaded that an unprovoked assault was made upon him
and that he was severely beaten by an agent of the defendant
in its place of business. The agent was alleged to be "queru-
lous," but it was not alleged that the employer knew, if such
was the fact, that the agent was a quarrelsome or a dangerous
man. Held, that the court did not err in sustaining defendant's
demurrer and dismissing the action.

APPEAL from the district court for Douglas county: CAR-
ROLL O. STAUFFER, JUDGE. Affirmed.

John O. Yeiser and John O. Yeiser, Jr., for appellant.

Kennedy, Holland, De Lacy & McLaughlin and E. M.
Clennon, contra.

Heard before MORRISSEY, C. J., LETTON, ROSE, DAY, GOOD
and DEAN, JJ., REDICK and SHEPHERD, District Judges.

DEAN, J.

Plaintiff sued to recover damages for personal injuries
arising from an unprovoked assault, as alleged, inflicted by
one of defendant's employees in its place of business at
Omaha while he was there making purchases. Defendant
demurred on the ground that the petition did not state facts
sufficient to constitute a cause of action. The demurrer was
sustained, the suit was dismissed, and plaintiff appealed.

The action is based substantially on the allegations which
follow:

"Plaintiff alleges that the defendant is a corporation en-
gaged in the sale of fish and oysters and other sea foods,
having a monopoly of said business in the city of Omaha,
maintaining salesmen to visit the trade in said city and
maintaining a place of business where the trade are invited
to come and deal with said defendant. Plaintiff alleges that
he is a Jew, and according to his religion is operating a
market in the city of Omaha at 924 North Sixteenth street

Crounse v. Booth Fisheries Co.

and is permitted to keep his store open on Sundays.  Plaintiff alleges that for some time he has been ordering deliveries of fish from the defendant on Friday in order to supply his customers on Sunday."

In addition to the foregoing, plaintiff pleaded generally that defendant employed a certain salesman to solicit trade and take orders who "was known to be a person of querulous disposition," and that on or about February 25, 1921, the salesman, as defendant's agent, called upon plaintiff and objected to his giving fish orders for Friday delivery; that because plaintiff insisted upon a Friday delivery the agent "for the purpose of coercion and intimidation became loud and abusive and profane and cursed the plaintiff in the presence of his family;" that plaintiff immediately notified defendant by telephone of the agent's unseemly conduct, "but that the defendant in no way restrained or admonished their agent as aforesaid," but retained him in its employ; that about four days thereafter plaintiff called at defendant's headquarters to make purchases and to leave orders for fish in connection with his business; that while plaintiff was in defendant's store "as its guest and upon the invitation of the defendant under the implied obligation of hospitality and good treatment on the part of the defendant and all of its agents and servants on the said premises, the said defendant violated said obligation and agreement, and while there as such invitee and guest for the transaction of business, the said agent and servant of the defendant, Ed. Morrell, without provocation other than the transaction alleged above, assaulted the plaintiff and struck him," and thereby inflicted upon him severe contusions and wounds over the face and body which caused him great physical pain and suffering; that the injuries so inflicted "permanently injured the nerves and some of the tissues of his body and caused plaintiff great humiliation and mortification."

It will be noted that in respect of the salesman's characteristics, aside from the allegation involving the assault, as relating to disposition, or proneness to assault another without justification, plaintiff did not allege other than that

he "was known to be a person of querulous disposition." As applied to the individual, the following is accepted as a definition of the word "querulous:" "Apt to find fault; habitually complaining; disposed to murmur; as, a querulous man or people. * * * Expressing, or suggestive of complaint; fretful; whining; as, a querulous tone of voice." Webster's New International Dictionary.

It is not alleged that the salesman was quarrelsome or that he was given to brawls or that he was a dangerous man. He might be "querulous," within the accepted meaning of that word, and still he might not be a dangerous man or even quarrelsome. The demurrer admits that he was "querulous," but it goes no further. And it will, of course, be presumed that the pleader presented his case in the light most favorable to himself. It seems clear to us that an employer of a city salesman who solicits orders among his employer's city customers is under no obligation to discharge such agent merely because he is querulous. It is said that, even as applied to domestic animals, where the owner of a dog does not know "and has no reason to believe that the animal is suffering from rabies, he is not liable for the death of an animal which is bitten by the dog and contracts the disease." 3 C. J. 100, sec. 333.

We are unable to find an allegation that would connect the beating that plaintiff received which would even remotely tend to bring it within the scope of the agent's employment, nor did it come within any duty which he owed to his employer. Nor does it appear that defendant knew, if such was the fact, that its agent was a quarrelsome or a dangerous man. For anything that appears in the petition the assault may have been committed because of personal dislike.

Plaintiff in his brief argues the existence of a contractual relation between plaintiff and the defendant, to insure good treatment, substantially the same as that which exists between a passenger and a railroad company, and many cases are cited in support of the argument. But the rule, as applied to carriers, is not applicable here, because the

passenger submits the care of his person to the company, and because in a special sense he is under the direction and subject to the control of its employees while on its train or upon its property; it is bound to take reasonable precaution to see that no harm befalls him through the negligence or carelessness of its employees or by the overt act of an employee.

"While an assault by a servant may be within the scope of the employment so as to render the master liable, an assault by a servant not committed as a means or for the purpose of performing the work which he was employed to do is ordinarily not within the scope of his employment, and the master is not liable therefor." 26 Cyc. 1539.

The conclusion is that the petition does not state a cause of action. Other questions are presented by the record which in view of our decision we do not find it necessary to discuss and do not decide.

The judgment of the district court is

AFFIRMED.